GRIEVES, APPELLANT, *v.* GRIEVES ET AL., APPELLEES.

[Cite as Grieves v. Grieves (1973), 47 Ohio App. 2d 160.]

(No. 7171—Decided November 28, 1973.)

*Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolfe,* for appellant.

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. John M. Glenn,* for appellees.

MAHONEY, J. Plaintiff (appellant), George W. Grieves, Senior, became a widower in April 1959, at the age of sixty-two, and, subsequently, permitted his married son, George W. Grieves, Junior, and his wife, Lynda, the defendants (appellees) herein, to take up residence with him. Senior owned the house and lot at 651 Sunnyside Avenue, Akron, Ohio, in fee, and free and clear of encumbrances.

On April 18, 1961, Junior and wife entered into a written agreement with Senior concerning the house and the support of Senior. This agreement provided, in part, that Senior would escrow a deed for the house to Junior and Lynda. They, in turn, agreed to pay Senior the sum of $12,000 on or before December 31, 1973, $3,000 of which was to be paid forthwith, and the balance in installments payable at the end of each year. Upon payment of the $12,000, the escrow agent was to deliver the deed.

The recitals in the agreement stated that "it is the de-

sire of the parties hereto to transfer ownership, of the house and lot * * * in consideration of the agreement of Second Party [Junior, and Lynda] to provide First Party [Senior] with the use and enjoyment of said premises jointly and severally with Second Party for the remainder of the life of First Party and, further, to provide First Party with an annual income of Eleven Hundred Dollars ($1,100,00). * * * "

The deed recited that it was "in consideration of $1.00 and of care and support heretofore rendered by George W. Grieves, Jr., and Lynda Grieves * * * and in consideration of the care and support to be rendered pursuant to his covenant hereinafter made * * *."

The granting clause described Junior and Lynda as grantees, and the words of conveyance were of a "fee simple" from Senior. He did not include himself as a grantee, and did not reserve a life estate.

The habendum clause provided that the conveyance was "subject * * * to the conditions herein contained." After the usual covenants of seisin, the following covenant appears:

"As a part of the consideration for this conveyance, the grantees covenant and agree to furnish and render to the grantor comfortable use of the house and lot above-described jointly and severally with the grantees during his natural life, and also to pay to the grantor the sum of Eleven Hundred Dollars ($1,-100.00) each year during his life, in equal monthly installments, the first of said installments to be due and payable January 1, 1964, and shall continue thereafter on the 1st day of each and every month. If the grantees shall fail to substantially perform their said covenants and agreements, the above-described premises shall revert to, vest in and become absolutely the property of the grantor and his heirs."

Thereafter, on August 26, 1961, Senior remarried and took up residence with his wife in Cuyahoga Falls, Ohio. On September 15, 1961, a supplemental agreement was entered into between Senior, Junior, and Lynda, wherein

the agreement dated April 18, 1961, was modified. The modifications provided for (1) immediate commencement of the income payments on October 1, 1961, and (2) delivery of the deed. The $12,000 was reduced to $9,000, payable over a five year period, and secured by a mortgage and note bearing interest at 4%.

The record reflects that the note secured by the mortgage is paid, and that the income installments are being paid in accordance with the agreement:

The trial court found:

"The parties had no dispute over the arrangement until approximately the spring of 1971 * * * [and] at the time of the execution of the documents, Senior was fully competent and knew or should have known what he was signing and the consequences of his actions."

It stated, also:

"The evidence does not support the claim that Senior was 'locked out' in 1961 or at any time thereafter. The evidence is clear that at no time was Senior ever denied his right to 'comfortable use' of the premises."

The trial court rendered its judgment in favor of the defendants. Plaintiff claims that the trial court erred and that Senior and his second wife should be permitted to live in the house. In the alternative, he seeks a rescission of the contract for a failure of consideration or decree requiring Junior and his wife, Lynda, to pay back rentals and future rentals for a one-half interest or to find that the title reverted to plaintiff.

He further argues that the trial court erred in finding that the action was barred by laches. We have examined the record and find that there is evidence to support the above findings of fact by the trial court, and we concur in its judgment, except as to laches.

The agreement entered into between Senior, Junior, and Lynda provides for the "comfortable use" of Senior and no one else. It cannot be enlarged to include the new wife. Such an agreement is not void as against public policy because it does not, in any way, prevent Senior from having a happy marital life.

The deed was a fee simple determinable, with a reverter upon condition broken. It did not, in any way, create a joint tenancy or a tenancy-in-common among the parties to the agreement.

The record discloses, and we find, that Junior and Lynda did everything they contracted to do, or stood ready to perform if Senior chose to live with them. They had no duty to enlarge their burden to include Senior's new wife.

We have not concurred in the finding of the trial court as to laches, nor do we consider the claimed error. Laches is a doctrine which bars recovery of a right because of unreasonable delay. The trial court never found that Senior had a right which could be barred by laches. It said:

"* * * not only do the claims fail factually but also the plaintiff [Senior] is barred by laches."

The trial court, in effect, said that Senior did not have a claim for breach of covenant but, if he did, it would be barred. We do not feel, therefore, that the doctrine of laches is relevant to the issues here.

Upon consideration whereof, we find no error prejudicial to any substantial right of the plaintiff, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BRENNEMAN, P. J., and VICTOR, J., concur.